UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALLURE HOME CREATION, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 03-193(FSH) |
| | : | |
| ZAK DESIGNS | : | ORDER ON INFORMAL |
| | : | APPLICATION |
| Defendant | : | |
| | : | |

This matter having come before the Court by way of letters dated February 1, 2006 and March 23, 2006, regarding unresolved discovery disputes and the motions to compel the further deposition of Grace Pan, and to address counsel's behavior during depositions;

and the Court being aware that the Complaint has been dismissed with prejudice;[1]

and the defendant advising the Court that the discovery disputes require resolution because the defendant has requested recovery of attorneys fees under 35 U.S.C. § 285 and seeks to establish that this is an "exceptional case" for which fees should be awarded;

and the Court having considered the various disputes;

and it appearing that the only issue remaining is whether or not this is an "exceptional case";

and the Court advising that parties that its resolution of these disputes is not a finding that this case is exceptional or that jurisdiction over the counterclaim continues to exist;

and the Court having further considered Fed. R. Civ. P. 34, which requires the production

---

[1] The plaintiff had asked the Court to stay the resolution of the discovery disputes pending a disposition of the motion to dismiss. As the motion has been resolved, the request for a stay is moot.

of documents that are in the possession, custody, and control of the party;

and for the reasons set forth herein,

and for good cause shown,

IT IS ON THIS 29th day of March, 2006

ORDERED that, no later than **May 5, 2006**, plaintiff shall produce documents related to Taiwan Application No. 88216456 and documents reflecting the design of the product at issue in this case;[2]

IT IS FURTHER ORDERED that, no later than **May 5, 2006**, plaintiff shall produce Allure's '411 Patent foreign counterpart records from Taiwan, China and Hong Kong in the

---

[2]The plaintiff submitted the certification of Mr. Ho in support of its contention that it lacks the authority to produce or control over the documents related to this patent. Mr. Ho identifies himself as the plaintiff's president and chief executive officer. Certification of Stanley Ho, dated December 21, 2005, at 1. He asserts that the plaintiff did not file the patent application and that it possesses no files concerning the application. Despite these certified statements, the defendant has produced documents that show Mr. Ho, on behalf of the plaintiff, signed a power of attorney to serve as plaintiff's agent for the purpose of submitting an application in Taiwan, he assigned his interest in the item to the plaintiff corporation, identified himself as the inventor of the item, and identified the plaintiff as the applicant for the patent. See Letter of February 1, 2006 at Exhibits A-C. These documents demonstrate Mr. Ho's authority over the materials that would be submitted to the patent authorities and hence shows his authority over the materials to direct their production in this litigation. The Court is not persuaded that the "informal agreement" with Wondertex that Mr. Ho mentioned in his certification divested the plaintiff of authority over the documents. While the parties included correspondence from a China Patent Agent, apparently memorializing an instruction from plaintiff's attorney to transfer cases in the plaintiff's name to Wondertex, there is insufficient information to show that plaintiff no longer was the applicant, owner or inventor of the item. For all of these reasons, the Court finds that plaintiff has authority and control over the documents and is required to produce same.

The defendant has also asked for production of marketing materials. Given the procedural posture of the case, and specifically the fact the plaintiff is not seeking recovery of lost profits, the Court finds that inquiries concerning marketing, profits, and costs is irrelevant. Therefore, documents on these topics needed not be produced.

possession or control of the plaintiff or any and all patent agents;[3]

IT IS FURTHER ORDERED that the request to compel plaintiff to produce its financial statements is denied;[4]

IT IS FURTHER ORDERED that, no later than **May 5, 2006**, the plaintiff shall produce the documents related to the '819 patent;[5]

IT IS FURTHER ORDERED that defendant's request for plaintiff's billing records to that reflect the date on which Ms. Pan began to work on the patent application is denied;[6]

IT IS FURTHER ORDERED that, to the extent the defendant persists in demanding the production of Item No. 1 on plaintiff's privilege log, which is described as a note/memo to the file by Ms. Pan, the defendant must confer with the plaintiff in light of the representations

---

[3]There is nothing before the Court to show that the plaintiff lacks control over records submitted on its behalf (or on behalf of its designee) to foreign patent officials. Clearly, the patent agents act on behalf of the applicant and for the applicant's benefit. Surely, therefore, the applicant has the authority to determine what is to be done with documents submitted to obtain a patent for its benefit. For this reason, the Court concludes that plaintiff is a position to obtain those records and produce them here.

[4]Plaintiff's Complaint has been dismissed and the only remaining claim is one for attorney's fees. The entitlement to fees will be subject to the discretion of the United States District Judge based upon her examination of whether or not this is an "exceptional case." Nothing from the plaintiff's financial statements will elucidate the record on this topic and given the procedural posture of the case and the remaining claim, the financial statements are irrelevant.

[5]The defendant seeks to compel the production of all patent applications that cover plaintiff's other oil & water products. Other than advising the Court that the '819 patent is cited in the plaintiff's Markman brief, the defendant has not provided sufficient justification to require a production of volumes of paper concerning other patents, particularly given the current posture of the case.

[6]The defendant can procure this information without requiring the production of billing records of a nonparty. For the reasons set forth in Footnote 7, the Court is permitting the defendant to continue the deposition of Ms. Pan and can ask her for the date at that time.

regarding the date that it was prepared and the events that followed, namely her August 2004 interview with the patent office.  If after conferring the defendant persists in its demand, then, no later than **April 10, 2006**, the parties shall advise the Undersigned.  Thereafter, the Court will convene a hearing, at which the parties and Ms. Pan shall appear with the document to offer evidence to show that the work product rule shields the document.  At the hearing, the defendant shall be required to show that the document is not work product under In re Gabapentin, 214 F.R.D. 178, 184 (D.N.J. 2003) or, if it is work product, that defendant has a substantial need for the document;

      IT IS FURTHER ORDERED that the plaintiff need not respond to Interrogatories Nos. 11-13;[7]

      IT IS FURTHER ORDERED that the request for relief concerning the Rule 30(b)(6) deposition is denied.  The Rule 30(b)(6) deposition shall last no longer than four hours and shall be completed no later than **May 5, 2006**;[8]

      IT IS FURTHER ORDERED that Mr. Ho shall be produced for a deposition to address the Taiwan Patent, cancellation documents and the subjects embodied in his December 21, 2005 Certification.  Said deposition shall be completed no later than **May 5, 2006** and shall last no

---

[7]As stated in Footnote 2, the present procedural posture of the case renders moot any need for financial information as no lost profit/royalty damages are being sought.

[8]Other than to tell the Court that the parties have engaged in an effort to resolve the number of deposition topics and the fact that the plaintiff believe the request served in January 2004 is "overbroad," no party has identified the topics about which there is a dispute.  Therefore, the parties have failed to present a specific issue for the Court to decide.  Suffice it to say, the plaintiff is not absolved on the obligation to produce a Rule 30 (b)(6) witness but the topics should be narrowly tailored to only those that are relevant to the contention that this is an "exceptional case."

longer than two hours;[9]

      IT IS FURTHER ORDERED that Ms. Pan shall be produced for a deposition to identify the date on which she first began to work on the application for the patent at issue and explain why at the time she prepared and submitted the patent application she did not believe the Lee Reference was prior art.  Said deposition shall be completed no later than **May 5, 2006** and shall last no longer than two hours;[10]

      IT IS FURTHER ORDERED that the request to enter an order "restraining" the conduct of counsel is denied.  All counsel are order to comply with the strict requirements of the Federal Rules of Civil Procedure concerning objections at depositions;[11]

---

[9] The Court will permit the defendant to depose Mr. Ho on these topics because the information regarding the Taiwan patent was not available during his initial deposition.  Moreover, leave is granted to probe the topics covered in the December 21, 2005 certification.

[10] The Court finds that Ms. Pan did not explain why she did not believe the Lee Reference was prior art, and hence why it was not brought to the attention of the U.S. Patent and Trademark Office.  To the extent Ms. Pan claims work product because she anticipated litigation before the patent issued, Deposition at 161-162, this does not mean she anticipated litigation when she submitted the application to the patent office.  Thus, the reasons a certain reference was omitted from the application is not governed by the work produce rule.  Furthermore, none of the questions were seeking to elicit communications from the client.  Rather, these questions were geared toward learning about counsel's understandings at the time the patent application was submitted and are relevant to determining if intentional omissions were made to the Patent Office.  Moreover, to the extent her decision not to disclose the Lee Reference was based upon her comparison of its claims with those set forth in patent at issue, it is proper for discovery purposes to ask her what she understood the claims disclosed.  Probing these narrow areas would enable the parties to develop a record concerning whether or not there was any inequitable conduct in furtherance of the assertion that this is an exceptional case.

[11] The defendant seeks an order "restraining" plaintiff's counsel from engaging in improper objections.  The Court has reviewed the transcripts and it is clear that quantity and content of the speaking objections is not what the Federal Rules of Civil Procedure envision.  The Court reminds counsel of the narrow grounds for which objections may be interposed and instructs counsel that speaking objections are not permitted.  If issues arise during depositions, then they shall be brought to the Court's attention during the deposition.  Subject to the Court's

IT IS FURTHER ORDERED that any requests for fees is denied;[12] and

IT IS FURTHER ORDERED that no other discovery may be conducted[13].

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

---

availability, the issues will be addressed during the deposition. Counsel are advised that if additional disputes of this nature arise, the Court may impose the protocol embodied in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D. Pa. 1993) and/or require that all depositions take place in the courthouse.

[12]The Court is not persuaded that sufficient reason exist to impose fees on either party. The complexion of the case has changed dramatically since these issues arose.

[13]Given the complexion of the case and the only issue defendant is pursuing, no other discovery is needed.