UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALLURE HOME CREATION, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 03-193(FSH) |
| | : | |
| ZAK DESIGNS | : | ORDER ON INFORMAL |
|     Defendant | : | APPLICATION |

    This matter having come before the Court by way of letters dated April 7, 2006 and April 12, 2006, regarding the plaintiff's request that the Court stay its Order dated March 29, 2006 pending appeal;

    and the Court noting that "[t]o grant a stay pending appeal, the court must determine: (1) whether the movant is likely to succeed on the merits of the appeal; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) whether the stay will harm the public interest, see, e.g., Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmaceuticals Co., 2001 WL 493266, *1 (D.N.J. January 17, 2001) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987));

    and it appearing that the basis of the appeal is the plaintiff's view that the Order of the Hon. Faith S. Hochberg dated March 21, 2006 prohibited discovery;

    and it appearing that the March 21, 2006 Order directed the parties to submit briefs limited to ten pages addressing the request for fees and that such submissions were to "set forth all factual bases proffered by the parties" but that it is not "tantamount to a trial submission or summary judgment motion submission" and "shall constitute Defendant's only statement of their request for attorney's fees," Order, dated March 21, 2006 at 2;

    and there being nothing in the Order that addresses discovery;

and the Court finding that there is no liklihood of success on the merits of the argument that discovery was barred under the terms of the March 21, 2006;

and the Court further finding that there is no liklihood of success of disturbing the discretionary discovery decisions embodied in the March 29, 2006;

and the Court further finding that the parties can seek an expeditious ruling on the appeal if they so choose;

and the Court further finding that no party will suffer irreparable harm by complying with the provisions of the March 29, 2006 Order;

and the Court further finding that the March 29, 2006 Order provides a means to ensure that the nonmovant is not prejudiced by any delay in disclosing discovery that may be needed if Judge Hochberg entertains the application for fees[1] and the parties will be able to expeditiously address same;[2]

and for the reasons set forth herein and in the Order dated March 29, 2006;

IT IS ON THIS 17th day of April, 2006

ORDERED that the request for a stay is denied; and

IT IS FURTHER ORDERED that all terms of the Order dated March 29, 2006 shall remain in full force and effect.

                                           s/Patty Shwartz
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] While the defendant seems to be agreeable to holding in abeyance depositions pending the resolution of the appeal, the Court will not relieve the parties of their obligation to pursue the discovery permitted under the Order within the time frames set forth therein.  The parties, however, are free to withdraw any discovery demands that are the subject of the order.

[2] For this reason, the Court declines the defendant's invitation to hold any of the deadlines in the March 29, 2006 Order in abeyance.