UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------x
ALLURE HOME CREATION CO., INC.,    :   Civil Action No. 03-CV-193 (FSH)(PS)
                                   :
       Plaintiff,                  :   Document Filed Electronically
                                   :
           v.                      :   RETURN DATE: MAY 22, 2006 OR
                                   :   DATE TO BE SET BY COURT ON
ZAK DESIGNS, INC.,                 :   SHORT NOTICE
                                   :
       Defendant.                  :
---------------------------------------------------------x

PLAINTIFF'S BRIEF IN SUPPORT OF EMERGENCY APPEAL
ON SHORT NOTICE FROM MAGISTRATE JUDGE SHWARTZ'S
APRIL 17, 2006 ORDER, REQUEST FOR STAY, CONSOLIDATION
OF APPEALS, AND RELATED EXPEDITED RELIEF

> Arnold B. Calmann, Esq.
> Jeffrey Soos, Esq.
> **SAIBER SCHLESINGER SATZ**
> **& GOLDSTEIN, LLC**
> One Gateway Center
> 13th Floor
> Newark, New Jersey 07108-5311
> (973) 622-3333
>
> Edgar H. Haug, Esq.
> Porter F. Fleming, Esq.
> Stephen J. Lieb, Esq.
> **FROMMER LAWRENCE & HAUG LLP**
> 745 Fifth Avenue
> New York, New York 10151
> (212) 588-0800
>
> Attorneys for Plaintiff,
> Allure Home Creation Co., Inc.

{00433141.DOC}

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 5

I. LEGAL STANDARDS ........................................................................................ 5

    A. A Magistrate's Order Should Be Modified or Vacated When It Is Clearly In Error And An Abuse of Discretion ....................................... 5

    B. A Motion To Stay Pending Appeal Should Be Granted Where There Is Irreparable Harm Suffered By The Movant If The Stay Is Denied And No Harm To Other Parties Or The Public Interest If The Stay Is Granted ................................................................................. 6

II. A STAY WILL PREVENT IMMEDIATE AND IRREPARABLE HARM TO ALLURE ........................................................................................................ 7

III. THE COURT'S MARCH 21, 2006 ORDER DID NOT CONTEMPLATE ADDITIONAL DISCOVERY .............................................................................. 8

IV. A STAY OF DISCOVERY WILL NOT HARM ZAK AND WILL BENEFIT THE PUBLIC INTEREST BY CONSERVING JUDICIAL RESOURCES ....................................................................................................... 9

CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Evans v. Buchanan,*
   435 F.Supp. 832 (D.Del. 1977) ..................................................................................6

*Frank v. County of Hudson,*
   924 F. Supp. 620 (D.N.J. 1996) ..................................................................................5

*Goldstein v. Miller,*
   488 F.Supp. 156 (D.Md. 1980) ...................................................................................6

*Honeywell, Inc. v. Minolta Camera Co., Ltd.,*
   No. CIV.A.87-4847, 1990 WL 66182, at *1 (D.N.J. May 15 1990) .........................5

*Main Events Productions v. New Jersey Sports Productions, Inc.,*
   220 F.Supp.2d 353 (D.N.J. 2002) ...............................................................................5

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm.
Co.,*
   No. 00-5631, 2001 WL 493266, at *1 (D.N.J. Jan. 17, 2001) ....................................6

**Rules**

Fed. R. Civ. P. 72(a) ..............................................................................................................5

## INTRODUCTION

Presently pending before this Court is the appeal by plaintiff Allure[1] of Magistrate Judge Shwartz's March 29, 2006 Order (the "Discovery Order") requiring Allure to produce foreign documents and produce for additional depositions Allure's patent counsel, its President and employees. All of that discovery purportedly relates to Zak's repetitive efforts to obtain attorneys' fees -- the very issue already pending before this Court.

In order to preserve Allure's appellate rights and an opportunity to be heard on its appeal of that Discovery Order, Allure requested that Magistrate Judge Shwartz stay the effect of and compliance by Allure with said Order pending resolution of Allure's appeal. By Order of April 17, 2006, Magistrate Judge Shwartz denied Allure's request for a stay pending that appeal.

Compliance with the subject orders of the Magistrate Judge will moot and effectively eviscerate Allure's appellate rights with respect to the very orders in issue.

The Discovery Order required Allure to provide patent files from Hong Kong, Taiwan, and China and further deposition testimony -- all to be completed by May 5, 2006. Allure's Appeal of the Discovery Order has a return date of May 8, 2006, <u>three days after</u> the ordered discovery is to be completed. Without an expedited hearing before this Court on this Appeal, Allure will face a "Catch 22" situation to either (i) comply with Magistrate Judge Shwartz's Discovery Order and produce documents and witnesses by May 5 thus mooting Allure's Appeal that such discovery is unwarranted and inconsistent with Your Honor's March 21, 2006 Order or (ii) preserve Allure's appellate rights by failing to comply with Magistrate Judge Shwartz's

---

[1] "Allure" shall refer to plaintiff Allure Home Creation Co., Inc., and "Zak" Shall refer to defendant Zak Designs, Inc.

Discovery Order by not providing the documents and testimony by May 5 so that the Court can rule on Allure's Appeal upon the May 8 hearing return date.

To place Allure in the position of having to effectively choose between Scylla or Charibdis is unfair and prejudicial to Allure. Without the stay, expedited hearing, and related relief requested herein, Allure will be prejudiced because its appellate rights will be rendered nugatory and Allure would be required to undertake potentially unnecessary, burdensome and expensive additional discovery and unnecessary intrusion by depositions in the lives of several individuals.

Indeed, when denying Allure's request for a stay, Magistrate Judge Shwartz stated and contemplated that the parties could seek an expeditious ruling on appeal. Her Order states "<u>the parties can seek an expeditious ruling on the appeal if they so choose</u>." Ex. A[2]; April 17, 2006 Order at 2. (Emphasis added). Allure now respectfully seeks such an expedited ruling.

Allure also requests that the Court consolidate this Appeal of the April 17th Order with Allure's pending Appeal of the Discovery Order. Both Appeals and Orders at issue are related and stem from Your Honor's March 21 Order directing the parties to each submit a single 10-page brief on the "exceptional case" issue. Allure further requests, in view of the time-sensitive nature of the ordered discovery and the prejudice to Allure resulting if its appeal is mooted, the Court conduct an expedited hearing on the Appeals.

Pursuant to Your Honor's March 21, 2006 Order, the Court will decide whether this is an "exceptional" case. Should the Court decide this case is not exceptional, any discovery conducted by Allure will be for no purpose. The present timing and circumstances requiring this additional discovery be conducted immediately following dismissal of Allure's Complaint is

---

[2] The Exhibits cited herein are attached to the Declaration of Stephen J. Lieb submitted herewith.

eminently unfair and prejudicial to Allure. On the other hand, a stay of discovery will result in no prejudice or harm to defendant Zak. In fact, Zak admits as much. See Point IV *infra*.

In addressing Zak's March 23, 2006 letter to Your Honor seeking further discovery and clarification of Your Honor's March 21 Order and the subsequent March 28, 2006 e-mail from Chambers stating that the March 21 Order was clear and required no further clarification, this Court has already determined that further discovery is not necessary at this time. The parties were to be limited to a 10 page submission on existing facts as set forth by Your Honor's March 21 Order. In view of those rulings and related correspondence, we respectfully submit that Magistrate Judge Shwartz was in error and abused her discretion by ordering further discovery and denying Allure's request for a stay pending its appeal of the Discovery Order.

Magistrate Judge Shwartz may have given weight to Zak's argument that the 10-page submission ordered by Your Honor was to be a "beneficial briefing" and tantamount to an outline for further discovery as Zak argued. These very arguments were previously rejected by Your Honor in the e-mail to counsel as discussed in Allure's Appeal of the Discovery Order.[3]

Notwithstanding the clear directives from the Court, Zak continues to assert those very same arguments to Magistrate Judge Shwartz in opposing Allure's request for a stay. Ex. B; April 12, 2006 letter from J. Flynn to Hon. P. Shwartz. Your Honor's March 21 Order specifically stated that the parties were limited to a 10-page submission that "set forth all factual bases proffered by the parties," which was to be their "only statement" regarding the issue of attorneys' fees.

---

[3] Copies of Zak's March 23, 2006 letter and the Court's March 28, 2006 e-mail in response were submitted with Allure's Appeal of the Discovery Order.

Important to Magistrate Judge Shwartz's April 17 Order denying a stay was that Court's conclusion that "nothing in the [March 21] Order that addresses discovery." While that statement is technically correct, the Magistrate Judge did not set forth any finding that reflected consideration of that Order <u>collectively</u> with Zak's March 23, 2006 letter to Your Honor <u>and</u> Your Honor's March 28, 2006 email directive. Allure submits that taken together, those orders in the face of Zak's entreaties for additional discovery, reflect this Court's rejection of Zak's discovery requests and the limiting of the parties to a single 10-page submission on the attorneys' fees issue.

Magistrate Judge Shwartz also bases her order denying Allure's request for a stay of discovery on the conclusion that "no party will suffer irreparable harm by complying with the March 29, 2006 Order." Ex. A; April 17 Order at 2. We respectfully submit that such finding is clearly erroneous. The harm to Allure is immediate, irreparable, and substantial -- Allure will be forced to forego its appellate rights and comply with a decision for which it has sought (but not yet obtained), judicial review. By ordering such a result, Magistrate Judge Shwartz abused her discretion.

The decision denying a stay of discovery pending appeal of Magistrate Judge Shwartz's March 29 Discovery Order should be reversed and a stay should be entered.

## ARGUMENT

### I. LEGAL STANDARDS

#### A. A Magistrate's Order Should Be Modified or Vacated When It Is Clearly In Error And An Abuse of Discretion

A district court may modify or vacate a magistrate judge's order on a non-dispositive motion when that order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *Main Events Productions v. New Jersey Sports Productions, Inc.*, 220 F.Supp.2d 353, 355 (D.N.J. 2002). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* Generally, a magistrate judge's decision in the context of a discovery motion is entitled to deference. However, where a magistrate judge's decision is clearly in error and there has been an abuse of discretion that decision should be vacated or reversed. *See Frank v. County of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996); *see also Honeywell, Inc. v. Minolta Camera Co., Ltd.*, No. CIV.A.87-4847, 1990 WL 66182, at *1 (D.N.J. May 15 1990) (magistrate judge's ruling on discovery motion is reversible where it is an abuse of discretion.).

Here Magistrate Judge Shwartz based her decision to deny Allure's requested stay of discovery on the clearly erroneous finding *inter alia*, that Allure would suffer no irreparable harm if a stay were not granted. But Allure will undoubtedly be prejudiced by being forced to forego its right to appeal the Discovery Order. Moreover, her decision is an abuse of discretion because it effectively forecloses the Court from a review of her Discovery Order. Under the circumstances, the April 17 Order denying a stay of discovery pending appeal should be reversed.

### B. A Motion To Stay Pending Appeal Should Be Granted Where There Is Irreparable Harm Suffered By The Movant If The Stay Is Denied And No Harm To Other Parties Or The Public Interest If The Stay Is Granted

"A motion for a stay is addressed to the sound discretion of the Court." *Evans v. Buchanan*, 435 F.Supp. 832, 841 (D.Del. 1977). In deciding whether to grant a stay pending an appeal a court must balance whether the movant has made "(1) a showing that they will suffer irreparable harm if the stay is denied; (2) a strong showing of likelihood on the merits of the appeal; (3) a showing that the plaintiffs will not be substantially harmed by the stay; and (4) a showing that no harm will be done to the public interest." *Id.* "As a court of equity is exercising its discretionary authority, it is essential that in the final analysis all four factors be considered together and the relative showings be measured." *Id.* at 842.

The factor whether a movant has made a showing of likelihood of success on the merits of the appeal is similar to one of the tests for issuance of a preliminary injunction. *See Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, No. 00-5361, 2001 WL 493266, at *1 (D.N.J. Jan.17, 2001) (cited in by Magistrate Judge Shwartz in the April 17th Order). However, because an appeal is made from a decision after full consideration of the merits, applying the same standard as in a preliminary injunction "would seem to require that a district court confess to having erred in its ruling before issuing a stay." *Evans*, 435 F.Supp. at 843.

This would lead to consistent denials of stay motions, "despite the immediate threat of substantial irreparable injury to the movant." *Id.* Instead, where the law is unclear and where the interests of other parties and the public is unharmed, a stay should be grant where "the threat of irreparable injury to the applicant is immediate and substantial." *Id.* at 844; *see also, Goldstein v. Miller*, 488 F.Supp. 156, 172 (D.Md. 1980) ("The likelihood of success standard does not

mean the trial court needs to change its mind or develop serious doubts concerning the correctness of its decision in order to grant a stay pending appeal.").

## II. A STAY WILL PREVENT IMMEDIATE AND IRREPARABLE HARM TO ALLURE

In reaching her conclusion to deny a stay of discovery pending appeal, Magistrate Judge Shwartz reasoned that "no party will suffer irreparable harm by complying with the provisions of the March 29, 2006 Order." Ex. A; April 17, 2006 Order at 2. Allure respectfully submits that this finding is clearly in error. Allure will be harmed if it is forced to provide discovery before its Appeal of the Discovery Order compelling discovery is even heard. Magistrate Judge Shwartz's April 17 Order denying a stay effectively divests Allure of its right to appeal the Order compelling discovery.

In its March 21, 2006 Order Your Honor instructed the parties to each submit one, and only one, 10-page factual submission on the issue of attorneys' fees. Those submissions were filed on March 31, 2006 and the Court's decision is pending. Until the Court rules on this issue, the discovery ordered by Magistrate Judge Shwartz, which arguably has nothing to do with an application for attorneys' fees, is premature at best. Magistrate Judge Shwartz recognized this by stating that the discovery "may be needed if Judge Hochberg entertains the application for fees" (emphasis added). Ex. A; April 17, 2006 Order at 2.

Absent a stay, Allure will very soon be forced to shoulder the undue burden and expense of providing discovery on issues that may have nothing to do with the Court's decision on attorneys' fees. This expense will be substantial. The Discovery Order compels the production of patent documents in Hong Kong, Taiwan and China as well as the depositions of Allure's patent attorney, its President and its employees. Allure's pending Appeal seeks denial of this very discovery. Magistrate Judge Shwartz was erred when she found that "no party will suffer

{00433141.DOC}
— 7 —

irreparable harm by complying with the March 29, 2006 Order." Exhibit A at 2. Allure will suffer irreparable harm.

### III. THE COURT'S MARCH 21, 2006 ORDER DID NOT CONTEMPLATE ADDITIONAL DISCOVERY

In support of her Order denying Allure a stay of discovery, Magistrate Judge Shwartz asserts that that the Court's March 21 Order does not address discovery. Allure respectfully submits that her interpretation of this Order as regarding additional discovery is incorrect. Allure gave Zak a Covenant Not To Sue that divested the Court of subject matter jurisdiction over the merits of the case. The only thing left for the Court to consider is Zak's request for attorneys' fees. Your Honor's instructions on that issue did not include further discovery. The parties were directed to submit only a single 10-page brief on the attorneys' fees issue. This was made even more apparent by the subsequent correspondence between the Court and counsel for Zak.

Zak's March 23, 2006 letter to this Court requested "clarification" of the March 21, 2006 Order and asked that the Court treat the parties' 10-page factual briefs as "beneficial" in assisting the Court in crafting a schedule for further discovery. On March 28, 2006 the Court responded to Zak, flatly denying its request for clarification. The Court did not adopt Zak's proffered interpretation of the Order as a prelude or an outline for further discovery. Instead, the Court informed Zak that its Order "is sufficiently clear and explicit. Compliance with the said order does not require further instruction or clarification from the Court."

Yet in response to Allure's request to stay discovery, Zak again urged Magistrate Judge Shwartz to consider the court-ordered 10-page brief to be merely "beneficial" in setting a schedule for additional discovery. Ex. B; April 12, 2006 letter from J. Flynn to Hon. P. Shwartz. at 2. Magistrate Judge Shwartz makes no mention of either Zak's March 23 letter to Your Honor or the Court's e-mail response to that letter rejecting Zak's request for "clarification" of the ten-

{00433141.DOC}   — 8 —

page brief as a means to facilitate further discovery. Your Honor's March 21 Order is clear on its face. It does not contemplate further discovery.

### IV. A STAY OF DISCOVERY WILL NOT HARM ZAK AND WILL BENEFIT THE PUBLIC INTEREST BY CONSERVING JUDICIAL RESOURCES

Zak will not suffer any harm if discovery is stayed pending appeal. As discussed above, the Court is presently considering the parties' ten-page factual briefs on attorneys' fees. Should the Court decide there is no basis for fees, further discovery will have no benefit to Zak. The case will be over and any discovery on this issue will be moot. If, on the other hand, the Court decides to entertain an application for attorneys' fees and additional discovery would be addressed at that time, if necessary. There is no irreparable harm to Zak by staying the presently ordered discovery pending appeal.

In fact, Zak wrote to the Magistrate Judge prior to entry of the April 17 Order with its own proposal for holding further discovery in abeyance pending this Court's decision on Allure's appeal of the Discovery Order and Motion to Stay same. Ex. B at 3. Zak characterized its proposal as "a <u>practical</u> <u>and</u> <u>reasonable</u> <u>way</u> in which [to] have the parties avoid depositions and other more expensive and time consuming forms of discovery while Judge Hochberg addressed Allure's [appeal of the Discovery Order]...." *Id.* (Emphasis added). Thus, Zak itself <u>recognized</u> the inherent efficiencies that inure to the parties by staying discovery during the pendency of Allure's appeal.

The public interest will likewise not be harmed by staying the Discovery Order. Allure gave Zak a Covenant that it will not be sued for infringement of Allure's patent for any past or current product. As a result, all claims plead by the parties have been or soon will be dismissed. The only issue remaining, Zak's claim that this is an exceptional case, will be decided based on

the procedure set forth in the Court's March 21st Order. That procedure does not contemplate ongoing discovery. The Court reiterated this when it denied Zak's invitation to rewrite the Order. Staying discovery is in keeping with that procedure and will allow the Court to dispose of this matter efficiently and with a minimum expenditure of judicial resources.

## CONCLUSION

In view of the clear error, abuse of discretion, immediate and irreparable harm and resulting prejudice to Allure's appellate rights, Allure respectfully requests that this Court reverse Magistrate Judge Shwartz's April 17th Order and enter an Order staying discovery and the Discovery Order until resolution of the pending appeals. Allure also respectfully requests that the Court consolidate this Appeal with its earlier Appeal of the Discovery Order and conduct an expedited hearing of both.

Respectfully Submitted,

**SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC**
**Attorneys for Plaintiff, Allure Home Creation Co., Inc.**

/s/ Arnold B. Calmann
Arnold B. Calmann
Jeffrey Soos
One Gateway Center
13th Floor
Newark, New Jersey 07108-5311
(973) 622-3333

Edgar H. Haug
Porter F. Fleming
Stephen J. Lieb
**FROMMER LAWRENCE & HAUG LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800

Dated: April 19, 2006