NOT FOR PUBLICATION                                                                                           CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ALLURE HOME CREATION CO., INC., | : | Hon. Faith S. Hochberg |
| | : | |
| Plaintiff, | : | Civil No. 03-193 (FSH) |
| v. | : | |
| | : | **ORDER** |
| ZAK DESIGNS, INC. | : | |
| | : | Date: April 28, 2006 |
| Defendant. | : | |
| | : | |

**HOCHBERG, District Judge:**

This matter having come before the Court upon Plaintiff's Motion to Dismiss the Complaint and Defendant's Declaratory Judgment Counterclaims pursuant to Fed. R. Civ. P. 12(b)(1); and Plaintiff having provided Defendant with a Covenant Not to Sue ("the Covenant"); and Defendant having consented to the dismissal of the Complaint with prejudice; and the only remaining issues being (1) whether Defendant's Declaratory Judgment Counterclaims of non-infringement, invalidity and unenforceability should be dismissed with or without prejudice; and (2) whether Defendant is entitled to attorneys' fees under 35 U.S.C. § 285; and the Court having requested additional briefing on these issues on March 21, 2006; and the Court having considered the written submissions of the parties pursuant to Fed. R. Civ. P. 78; and

Defendant arguing that the Counterclaims should be dismissed without prejudice because (1) Defendant faces the risk of a future infringement suit under the '411 patent if Defendant introduces products other than the product at issue here; (2) dismissals for lack of subject matter jurisdiction are without prejudice; and

it appearing that under the Covenant, "Allure unconditionally agrees, promises and covenants that it will not enforce [the '411 patent] against Zak for importing into the United States, or for making, using, selling, or offering to sell, any product or product line manufactured, sold or imported into the United States by Zak before January 24, 2006;" and

Plaintiff having stated in its briefs that "Allure's covenant covers <u>future</u> infringement by Zak's current or past product lines," Pl.'s Reply Brief at 6 (emphasis in original), and that "[t]he Covenant Not to Sue eliminates any concern Zak could have about the threat of future patent infringement litigation by Allure under the '411 patent involving <u>any of Zak's current products</u>," *Id.* (emphasis in original); and

it appearing that such unequivocal promise, coupled with the Covenant not to sue, eliminates any reasonable apprehension Defendant could have about the threat of future patent infringement litigation under the '411 patent involving Zak's past and current products; *Super Sack Manufacturing Corporation v. Chase Packaging Corporation*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) (affirming the dismissal with prejudice of the declaratory judgment counterclaims due to the absence of a justiciable controversy because the plaintiff's promise not to sue removed any "reasonable apprehension that [the defendant] will face an infringement suit on the [patent at issue] with respect to past and present products"); *Id.* at 1060 ("the residual possibility of a future infringement suit based on [the defendant]'s future acts is simply too speculative a basis for jurisdiction over [the defendant]'s counterclaim for declaratory judgments of invalidity");[1] and

---

[1] While it is true that in general, dismissals for lack of subject matter jurisdiction are without prejudice, the Court can discern no compelling justification to depart from the specific holding of *Super Sack*, where, in a case involving the very same factual situation at issue here, the Federal Circuit explicitly upheld the dismissal with prejudice of the declaratory judgment counterclaims. *See Super Sack*, 57 F.3d at 1059 (emphasizing that "[t]he legal effect of [the plaintiff]'s promise not to sue is the heart of the matter, and the trial court acted consistently with that legal effect.").

it further appearing that under 35 U.S.C. § 285, "[t]he Court in exceptional cases may award reasonable attorney fees to the prevailing party;" and

it appearing that the award of attorneys' fees under § 285 is within the discretion of the Court, *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662 (3d Cir. 1975), and constitutes a "rare and extraordinary" remedy, *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 372 F. Supp. 2d 833, 851 (D. Va. 2005); and

it appearing that the prevailing party must establish the exceptional nature of a case by clear and convincing evidence; *See Brasseler v. Stryker Sales Corp.*, 267 F.3d 1370 (Fed. Cir. 2001); *Katz v. AIWA America, Inc.*, 818 F.Supp. 730 (D.N.J. 1993); and

the Court having considered the submissions of the parties and reviewed the record developed during the course of this litigation since 2003, and finding an insufficient basis therein justifying an attorneys' fee award; and

mindful of the policy considerations favoring voluntary dismissals; *See S.L. Waber, Inc. v. Am. Power Conversion Corp.*, 135 F.Supp. 2d 521, 527 (D.N.J. 1999) (citing *Larchmont Eng'g, Inc. v. Toggenburg Ski Center, Inc.*, 444 F.2d 490, 491 (2d Cir. 1971)) (a party's offer to dismiss its case "should not be discouraged by the threat of imposing attorney fees"); and

---

"A dismissal without prejudice opens the door to a renewed contest. A dismissal with prejudice brings the contest to a close." *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1432 (9th Cir. 1984). In light of Plaintiff's representation that it will relinquish forever the right to sue Defendant on the '411 patent for past or present products, and because Defendant has obtained essentially the same relief it would have obtained had it proved its allegations, the Court finds that the dismissal with prejudice of Defendant's counterclaims is appropriate. Such determination, however, shall have no impact on Defendant's ability to assert its declaratory counterclaims in the context of a new infringement lawsuit involving Defendant's future products.

the Court deciding not to hold a trial nor to enter detailed findings of fact when the sole issue in dispute is the request for attorneys' fees; *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1366-67 (Fed. Cir. 2004) (holding that a district court is "justified in not requiring a full trial on the issue of inequitable conduct as part of the attorney fee motion or in entering detailed findings of fact and conclusions of law" when the issue has not been litigated prior to judgment);

**IT IS** on this 28th day of April 2006,

**ORDERED** that Defendant's Declaratory Judgment Counterclaims are **DISMISSED** with prejudice as to Defendant's past and current products; and it is further

**ORDERED** that Defendant's request for attorneys' fees under 35 U.S.C. § 285 is **DENIED**; and it is further

**ORDERED** that Plaintiff's appeals of Magistrate Judge Shwartz's March 29, 2006 and April 17, 2006 Orders are administratively terminated as moot; and it is further

**ORDERED** that the costs of both parties shall be born by Plaintiff; and it is further

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**